IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

URBAN & TAYLOR S.C.,
individually and as the representatives of
a class of similarly situated persons or entities,   **Case No. 15-cv-00973**

      Plaintiff,

v.

FAIR WORTH LEGAL FINANCE,

      Defendant.

**NOTICE OF REMOVAL**

      Defendant FairWorth Legal Finance hereby removes this civil action from the Milwaukee County Circuit Court of the State of Wisconsin to the United States District Court for the Eastern District of Wisconsin, Milwaukee Division. Removal is based on 28 U.S.C. §§ 1331, 1332, 1441, 1446, 1453, and 1367.

**BACKGROUND**

      1.      On May 29, 2015, Urban & Taylor S.C. ("Plaintiff") filed a Class Action Complaint (the "Complaint") (attached hereto as **Exhibit 1**) against defendant FairWorth Legal Finance in the Milwaukee County Circuit Court of the State of Wisconsin (the "State Court Action").

      2.      "Fair Worth Legal Finance", the named defendant in the State Court Action, is a fictitious business name of its owner, FairWorth, Inc., and lawfully registered as such with the

1

County of Los Angeles, California. On May 29, 2015, FairWorth, Inc. d/b/a FairWorth Legal Finance ("Defendant") was, and continues to be, a California corporation with its principal place of business in Los Angeles, California, and no office, physical presence, employee, or agent located in the State of Wisconsin. (*See* Declaration of Richard Wagner in His Capacity as President of FairWorth, Inc. ("Wagner Decl.") ¶ 2, attached hereto as **Exhibit 2**).

3. Plaintiff's State Court Action, which was assigned case number 15-CV-004551, was brought on behalf of Plaintiff and "all other persons similarly situated". (Complaint ¶ 4).

4. The Complaint alleges that Defendant transmitted by facsimile unsolicited advertisements to Plaintiff and a putative number of targets nationwide ("U.S. Class", including Plaintiff), who allegedly had not provided prior express permission and who did not have an established business relationship with Defendant, thereby violating 47 U.S.C. § 227 (the "TCPA"). (Complaint ¶¶ 11-13, 28).

5. The Complaint alleges that a putative number of members of the U.S. Class, among them, Plaintiff, were located in Wisconsin ("Wis. Class", including Plaintiff), and that the facsimile advertisements transmitted to the Wis. Class were "false and misleading", thereby violating Wisconsin Statute § 100.18 (Wis. Stat. § 100.18). (Complaint ¶ 35).

6. The Complaint asserts two causes of action: (a) a claim for violation of the TCPA against the U.S. Class (the "TCPA Claim") (Complaint ¶¶ 22-33); and (b) a claim for violation of Wis. Stat. § 100.18., against the Wis. Class (the "Wis. Claim") (Complaint ¶¶ 34-42).

7. The Complaint's prayer for relief in the TCPA Claim requests: (a) that the court decree that the TCPA Claim may be maintained as a class action, appoint Plaintiff as the U.S. Class representative, and appoint Plaintiff's counsel as the U.S. Class counsel; (b) an injunction prohibiting Defendant from engaging in the statutory violations at issue; (c) $500 in statutory

damages for each TCPA violation; and (d) other relief, but not more than $75,000 per U.S. Class member, inclusive of all damages and fees. (Complaint p. 11).

8. Outside the prayer paragraph of the TPCA Claim, but pertinent to the money damages sought, the Complaint alleges, *inter alia*, that: (a) Plaintiff and its counsel will seek "the maximum possible recovery" for the U.S. Class; (b) the "baseline" statutory damages of $500 for each violation of the TCPA, may, in the court's discretion, be trebled to $1,500 if the court finds that the defendant willfully or knowingly violated the TCPA; (c) Defendant's actions were knowing violations, on information and belief of Plaintiff; and (d) whether the court should award treble damages is one of the factual/legal issues that justifies maintaining the TCPA Claim as a class action. (Complaint ¶¶ 21(C)(iii)), 27, 32, 17(l)).

9. Turning to the Wis. Claim, the prayer for relief requests: (a) that the court decree that the Wis. Claim may be maintained as a class action, appoint Plaintiff as the Wis. Class representative, and appoint Plaintiff's counsel as the Wis. Class counsel; (b) an injunction prohibiting Defendant from engaging in the statutory violations at issue; (c) damages unspecified as to amount or type; (d) attorney fees and costs; and (e) further relief, but not more than $75,000 per U.S. Class member. (Complaint pp. 14-15).

**FIRST GROUND FOR REMOVAL: FEDERAL QUESTION JURISDICTION**

10. Pursuant to 28 U.S.C. § 1441(a), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant" to the properly located U.S. district court.

11. Original jurisdiction exists in, *inter alia*, civil actions arising under U.S. laws, *i.e.*, federal question jurisdiction (28 U.S.C. § 1331).

3

12. Pursuant to 28 U.S.C. § 1331, U.S. District Courts have federal question jurisdiction over TCPA claims brought by private plaintiffs. *Mims v. Arrow Financial Services, LLC* 565 U.S. __; 132 S.Ct. 740 (2012) at 748, 749, 753.

13. Hence, Plaintiff's TCPA Claim (paragraphs 4 and 6, *supra*) within the State Court Action, which alleges violation of 28 U.S.C. § 227, invokes federal question jurisdiction, and the U.S. district courts have original jurisdiction over the TCPA Claim.

14. When a civil action comprises claims both within and without a district court's original jurisdiction, 28 U.S.C. § 1441 operates to remove the ***entire*** civil action, not solely those claims that invoke federal question jurisdiction. *See Dillon v. State of Miss. Military Dept.*, 23 F.3d 915, 918 (5th Cir. 1994).

15. The foregoing analysis (paragraphs 10-14, *supra*) permits removal of the entire State Court Action to this Court. 28 U.S.C. §§ 1331, 1441, 1446, and 1453. The issue of whether the Wis. Claim should be heard by this Court will be addressed in paragraph 38, *et seq.*, *infra*.

### SECOND GROUND FOR REMOVAL: DIVERSITY JURISDICTION

16. Reiterating from paragraph 10, *supra*, pursuant to 28 U.S.C. § 1441(a), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant" to the properly located U.S. district court.

17. In addition to "federal question" jurisdiction, the district court's original jurisdiction exists in civil actions between citizens of different states when the matter in controversy exceeds $75,000, *i.e.*, diversity jurisdiction (28 U.S.C. § 1332(a)).

18. Regarding civil actions that are class actions (as that term is defined in 28 U.S.C. § 1332(d)(1)), custom diversity jurisdiction requirements have been enacted, and original

4

jurisdiction exists if, on the date of commencement of the civil action: (i) at least one member of the proposed plaintiff classes, and one defendant, are citizens of different states (28 U.S.C. § 1332(d)(2)(A)); and (ii) there are at least 100 total members of the aggregated proposed plaintiff classes (28 U.S.C. § 1332(d)(5)(B)); and (iii) the aggregated claims of the individual class members exceed the sum or value of $5,000,000, exclusive of interest and costs (28 U.S.C. §§ 1332(d)(2) and 1332(d)(6)).

### Diversity Jurisdiction Requirement One:
### State Citizenship of the Parties in the TCPA Claim

19. For purposes of diversity testing under 28 U.S.C. §§ 1332 and 1441, "a corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business". (28 U.S.C. § 1332(c)(1)).

20. On the May 29, 2015, date of filing of the Complaint, Plaintiff pled that it was a member of the TCPA Claim's putative U.S. Class, and that it was a "Wisconsin service corporation with its primary office located in ... Milwaukee, Wisconsin". (Complaint ¶ 9).

21. On the May 29, 2015, date of filing of the Complaint, Defendant was, and continues to be, a citizen of California. (Paragraph 2, *supra*; Wagner Decl ¶ 2).

22. Accordingly, the TCPA Claim satisfies the "diverse state citizenship" requirement of 28 U.S.C. § 1332(d)(2)(A).

### Diversity Jurisdiction Requirement Two:
### Number of Putative U.S. Class Members in the TCPA Claim

23. The State Court Action is titled "Class Action Complaint". (Complaint p. 1). The TCPA Claim within the State Court Action is made on behalf of the putative nationwide U.S. Class, recipients of the facsimile transmissions at issue. (Paragraphs 1, 3-4, *supra*; Complaint ¶¶ 4, 15; Complaint p. 11).

5

24. Defendant estimates that more than 100 of the facsimile transmissions at issue in the TCPA Claim were directed to separate, distinguishable telephone numbers, each of which, on information and belief, was configured to receive facsimiles, and was associated with a respective separate, distinguishable intended recipient, in a respective separate, distinguishable location. (*See* Wagner Decl. ¶ 8).

25. Accordingly, the U.S. Class in the TCPA Claim satisfies the "minimum proposed class size" requirement of 28 U.S.C. § 1332(d)(5)(B).

### Diversity Jurisdiction Requirement Three:
### Value of Matter in Controversy in the TCPA Claim

26. The proponent of federal diversity jurisdiction bears "the burden of persuasion on the amount in controversy". *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005). A defendant removing on diversity jurisdiction grounds "must show a reasonable probability that the stakes exceed the minimum" given "what the plaintiff is claiming (and thus the amount in controversy between the parties)". *Ibid.*, at 449.

27. In a private right of action for a TCPA violation, a plaintiff may recover $500 statutory damages per violation and the court has discretion, upon finding a willful or knowing violation, to increase the award to as much as $1,500 per violation. 47 U.S.C. § 227(b)(3).

28. The Complaint's prayer regarding Plaintiff's TCPA Claim explicitly requests $500 in statutory damages for each TCPA violation against the U.S. Class and, in addition, other relief not to exceed $75,000 per U.S. Class member, inclusive of all damages and fees. (Paragraph 7, *supra*; Complaint p. 11).

29. Elsewhere than within the prayer section, the Complaint alleges that Plaintiff and its counsel (the proposed counsel for the U.S. Class) will seek "the maximum possible recovery" for the U.S. Class, and will ask the court to consider whether it should award treble damages, *i.e.*,

6

$1,500 for each TCPA violation against the U.S. Class.  (Paragraph 8, *supra*; Complaint ¶¶ 21(C)(iii)), 27, 32, 17(l)).

30.     Combining the information from paragraphs 28 and 29, *supra*, it is reasonably probable that the amount in controversy regarding the TCPA Claim is as much $1,500 for each proved TCPA violation against the U.S. Class.

31.     Case law has established that each facsimile transmission in violation of the TCPA constitutes a separate violation.  Damages in a class action are calculated by multiplying the number of proved violative facsimile transmissions times the statutory damage amount awarded for each violation.  *See Holtzman v. Turza*, 728 F.3d 682, 684-685 (7th Cir. 2013).

32.     Defendant estimates that the number of facsimile transmissions at issue exceeds 4,000.  (Wagner Decl. ¶ 7).

33.     If Plaintiff can prove that 4,000 facsimile transmissions were sent in violation of the TCPA, and if Plaintiff can convince the court to award $1,500 per violation because said violations were knowing or willful, then straightforward multiplication would produce a damage award in excess of $5,000,000, exclusive of interest and costs.  The court in *Holtzman v. Turza* cited in paragraph 31, *supra*, employed precisely this methodology.

34.     Accordingly, it is reasonably probable that the "stakes" regarding the TCPA Claim satisfy the $5,000,000 "matter in controversy" requirement of 28 U.S.C. §§ 1332(d)(2) and 1332(d)(6).

## All Three Requirements for Diversity Jurisdiction are Satisfied

35.      Therefore, Plaintiff's TCPA Claim satisfies the state citizenship diversity, minimum proposed class size, and matter in controversy requirements set for a class action under

28 U.S.C. § 1332(d); diversity jurisdiction is thereby invoked, and the U.S. district courts have original jurisdiction over the TCPA Claim.

36. When a civil action comprises claims both within and without a district court's original jurisdiction, 28 U.S.C. § 1441 operates to remove the *entire* civil action, not solely those claims that invoke federal question jurisdiction; likewise, when diversity jurisdiction is at issue and complete citizenship diversity exists, § 1441 operates to remove *all* claims, not solely those satisfying the amount in controversy minimum. *See Dillon v. State of Miss. Military Dept.*, 23 F.3d 915, 918 (5th Cir. 1994); *see also Exxon Mobil Corporation v. Allapattah Services, Inc.*, 545 U.S. 546, 563-564, 125 S.Ct. 2611, 162 L.Ed. 2d 502 (2005).

37. The foregoing analysis (paragraphs 16-36, *supra*) permits removal of the entire State Court Action to this Court. 28 U.S.C. §§ 1331, 1441, 1446, and 1453. The issue of whether the Wis. Claim should be heard by this Court will be addressed in paragraph 38, *et seq.*, *infra*.

## SUPPLEMENTAL JURISDICTION OVER THE WIS. CLAIM

38. Defendant has shown that: (a) the removal of the State Court Action is proper because the TCPA Claim invokes both federal question jurisdiction and federal diversity jurisdiction, and (b) case law has interpreted 28 U.S.C. § 1441(a) to operate so as to remove the entire civil action, including both the TCPA Claim and the Wis. Claim (summary in paragraphs 4-6 and 9, *supra*; full explanation in Complaint ¶¶ 34-42).

39. The Wis. Claim is a state-law class action claim, but it does not allege sufficient damages to invoke federal diversity jurisdiction. The only basis of federal jurisdiction over the Wis. Claim is federal supplemental jurisdiction pursuant to 28 U.S.C. § 1367. "Supplemental jurisdiction allows federal courts to decide state-law claims that are outside the federal diversity

jurisdiction" if the state-law claims "are so closely related" to the plaintiff's jurisdictionally accepted claims *"as to be in effect part of the same case"*. *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906 (7th Cir. 2007) (emphasis added*). See Exxon Mobil Corporation v. Allapattah Services, Inc.*, 545 U.S. 546, 566, 125 S.Ct. 2611, 162 L.Ed. 2d 502 (2005) (regarding close relationship to a diversity claim).

40. Language in other cases seems to demand less relatedness among the claims— that they "derive from a common nucleus of operative facts", and if they do, suggesting that a "loose factual connection between the claims is generally sufficient". *Baer v. First Options of Chicago, Inc*., 72 F.3d 1294, 1299 (7th Cir. 1995).

41. A third analytical approach is "consequentialist", and would extend supplemental jurisdiction when "considerations of judicial economy, convenience and fairness to litigants" support a single adjudication. *United Mine Workers of America v. Gibbs* (1966) 383 US 715, 726, 86 S.Ct. 1130, 1139.

42. Regarding the Wis. Claim and the TCPA Claim, all analyses point in the same direction. Both claims are class actions lodged against the same defendant, regarding that defendant's alleged course of illegal facsimile transmissions. Facsimile recipients constitute every member of the putative Wis. Class in the Wis. Claim and every member of the putative U.S. Class in the TCPA claim. Every member of the putative Wis. Class is also a member of the putative U.S. Class. Each transmission event at issue in the Wis. Claim is also at issue in the TCPA Claim. Clearly, the two claims "are in effect part of the same case", "arise from a common nucleus of operative facts", and not "a loose factual connection". Clearly, "considerations of judicial economy, convenience and fairness to litigants" support a single adjudication.

9

43. Subsection 1367(c) sets forth several reasons beyond "claim-unrelatedness" why a district court may decline to exercise supplemental jurisdiction over a claim: the claim may predominate over claims already subject to original jurisdiction; the district court may have dismissed the claim(s) over which it initially had original jurisdiction; in exceptional circumstances, there may be compelling reasons to decline jurisdiction; or the claim may raise novel or complex issues of State law. The first three reasons seem remote to the instant matter. The last reason suggests a closer look at the statute giving rise to the Wis. Claim, Wisconsin Statute § 100.18. Based on a quick internet search, Wisconsin federal district courts have already decided more than 50 cases for alleged violations of § 100.18 and, probably, Wisconsin state courts have decided many more than that. A nucleus of jurisprudence has formed, and the risk of novel or complex state law issues is probably manageable.

44. Accordingly, given that this Court has original jurisdiction over the TCPA Claim, statute, case law, and common sense favor exercising supplemental jurisdiction over the Wis. Claim.

## PROCEDURAL REQUIREMENTS

45. Defendant has satisfied all procedural requirements for removal.

46. Removal is timely. The Complaint was filed on May 29, 2015, and Defendant first learned of and received the Summons and Complaint on July 16, 2015, although, on information and belief, it had not been lawfully served on Defendant on or before that date. On information and belief, on August 13, 2015, Plaintiff has not filed proof of service in the State Court Action. (Wagner Decl. ¶¶ 2-3, 9-11; Exhibit 3). This Notice of Removal is being filed within thirty (30) days of first knowledge of and receipt of the Complaint, and is therefore timely in accordance with 28 U.S.C. § 1446(b)(1).

47. The State Court Action is being removed to the proper court. Pursuant to 28 U.S.C. § 1441(a), venue is proper because the Eastern District of Wisconsin embraces the Milwaukee County Circuit Court where the State Court Action was commenced.

48. Proper notice of this removal will be promptly provided to the State court and to Plaintiff. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing of Notice of Removal will be timely filed with the clerk of the Milwaukee County Circuit Court of the State of Wisconsin and served on Plaintiff's counsel.

49. Defendant is the only named defendant and, accordingly, consent of other defendants pursuant to 28 U.S.C. § 1446 (b)(2)(A) is not necessary.

50. There have been no pleadings or proceedings in the State Court Action other than Plaintiff's summons and Complaint. A true and correct copy of the current docket sheet from the State Court Action, dated as of the date of filing of this Notice of Removal, is attached hereto as **Exhibit 3**.

51. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

52. Plaintiff did not file a jury demand in the State Court Action.

53. In the event Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

54. By filing this Notice of Removal, Defendant does not waive, and hereby reserves, any right to assert objections and defenses to Plaintiff's Complaint.

**WHEREFORE**, Defendant respectfully removes this action from the Milwaukee County Circuit Court of the State of Wisconsin, bearing case number 15-cv-004551, to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, 1453, and 1367.

Dated:  August 14, 2015 *s/ Richard Wagner*_____
Richard Wagner
California State Bar No. 67912
Attorney for Defendant FairWorth Legal Finance
   (a fictitious business name owned by FairWorth, Inc.)
   and for FairWorth, Inc.
1702 S. Robertson Blvd., Suite 169
Los Angeles, CA 90035
Telephone:  (310) 858-3855
Facsimile:  (310) 270-4701
Email:  rwagnerlaw@gmail.com

12